IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAY B. EDWARDS
ADC #134398   PLAINTIFF

vs.   5:06CV00285-WRW

RONALD DAVIS, Sgt. Jefferson County Jail;
DAVID COOK, Sgt. Jefferson County Jail   DEFENDANTS

## ORDER DISMISSING ACTION BY REASON OF SETTLEMENT

Counsel has advised the Court that this matter has settled and request the case be dismissed. The Supreme Court has held that district courts do not have inherent power, that is, automatic ancillary jurisdiction, to enforce settlement agreements. Ancillary jurisdiction to enforce a settlement agreement exists "only if the parties' obligation to comply with the terms of the settlement agreement is made part of the order of dismissal--either by a provision 'retaining jurisdiction' over the settlement agreement or by incorporation of the terms of the settlement agreement in the order."[1]

It is the obligation of the parties requesting dismissal to comply with the terms of the settlement and this Court specifically retains jurisdiction to enforce the terms of the settlement agreement forming the underpinning of this dismissal.

IT IS ORDERED that the complaint, be, and it hereby is, dismissed with prejudice, subject to the terms of the Settlement Agreement, and/or Consent Decree. If any party desires that the written settlement agreement be part of the record herein, it should be filed with the Court within twenty (20) days.

---

[1] *Kokkonon v Guardian Life Insurance Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 1676-77 (1994); *Meiner v Missouri Dept. of Mental Health*, 62 F.3d 1126, 1127(8th Cir. 1995)

IT IS FURTHER ORDERED that the Clerk forthwith serve copies of this Order upon the attorneys for the parties appearing in this action.

Dated this 21st day of January, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

settleo.

# RELEASE OF CLAIMS AND STRUCTURED SETTLEMENT AGREEMENT

THIS RELEASE OF CLAIMS AND STRUCTURED SETTLEMENT AGREEMENT (hereinafter referred to as the "Agreement") is entered into this _18th_ day of _January, 2010_, by Jay B. Edwards ("Mr. Edwards") and Ronald Davis ("Mr. Davis") and David Cook ("Mr. Cook") (Mr. Edwards, Mr. Davis, and Mr. Cook collectively the "Parties").

## WITNESSETH

WHEREAS, the Parties have disputed claims and, without admission of liability, desire to resolve those claims;

NOW, THEREFORE, for good and valuable consideration, paid to the receipt and sufficiency of which is acknowledged, the Parties agree as follows:

1. **SETTLEMENT TERMS.**

    1.1  The sum of $2,000.00 (the "Total Settlement Amount") will be paid on behalf of Mr. Davis and Mr. Cook, individually or collectively to Mr. Edwards in full and final settlement of any and all claims Mr. Edwards had or may have against Mr. Davis and Mr. Cook.

    1.2  Payments are to be made by Mr. Davis and Mr. Cook, each individually, to Mr. Edwards in the sum of Fifty and no/100 dollars ($50.00) on or before the 1st of each month, beginning on January 1, 2010, and continuing for twenty (20) months, for a total of $100.00 per month for twenty months, until the Total Settlement Amount has been paid, on or before August 1, 2011. Should Mr. Edwards die before final payment is made, the remainder of the future payments shall continue to be paid as they fall due to the Estate of Jay B. Edwards. Payments shall be made to <u>Jay B. Edwards, Inmate #134398</u> and sent to him in care of the administrator in charge of inmate funds and accounts at <u>East Arkansas Regional Unit, P.O. Box 180, Brickeys, Arkansas 72320-0180</u>.

1

2. **RELEASE OF CLAIMS.**

    2.1   Mr. Edwards, on behalf of himself, past, present and future heirs, and descendants, assigns, agents, insurance carriers, attorneys, and representatives, hereby releases and forever discharges Mr. Davis and Mr. Cook, ("Released Parties"), including the Released Parties' past, present, and future heirs, descendants, and any other person, firm, or corporation with whom the Released Parties are now or may hereafter be affiliated, from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever, whether based on contract, tort, statute, court orders, court sanctions, subrogations, or other legal or equitable theory of recovery, for property damages and any known and unknown injuries and damages resulting or to result from an incident which occurred on or about August 27, 2006, in or near Jefferson County Jail in or near Jefferson County, Arkansas, which Mr. Edwards had, now has, or claims to have against the Released Parties. Mr. Edwards further releases and agrees to remove any and all liens, judgments, or encumbrances of any kind he now has or will have in relation to his claims against the Released Parties. Mr. Edwards agrees to sign all documents necessary now and in the future to remove any liens, judgments or encumbrances relating to the Released Parties or property held (in the past, present, or future) by the Released Parties or otherwise complete the terms of this Agreement. The release contained herein is effective regardless of the manner in which the case is disposed pursuant to Section 2; *i.e.* whether the case is dismissed or whether Consent Judgment is entered.

    2.2   The Parties agree that if the facts with respect to this Agreement are found hereafter to be different from the facts now believed to be true by any party, each party hereto

expressly accepts and assumes the risk of such possible difference in facts and hereby agrees that this Agreement is and will remain effective notwithstanding such difference in facts.

2.3 In the event there are outstanding liens and/or claims against any recovery made by Mr. Edwards herein, Mr. Edwards hereby agrees to indemnify and hold the Released Parties harmless of and from any and all such outstanding liens and claims be they from third-party medical care providers or otherwise.

2.4 Pursuant to Ark. Code Ann. § 16-61-202, it is Mr. Edwards' intent to release the common liability of any and all persons, firms, corporations, associations, or partnerships which are or may hereafter be liable to him. However, if the language of this release is ever construed not to release all persons who may be liable as a result of the incident, Mr. Edwards agrees that the execution of this agreement shall operate as a satisfaction of his claims against such other parties who are not released as to the extent of the pro-rata share of the parties herein released.

3. **WARRANTY OF AUTHORITY.**

The Parties each warrant and represent to one another that none of them has heretofore assigned or transferred or purported to assign or transfer to any person not a party hereto any released matter or any part apportioned thereof, and each agrees to indemnify and hold harmless the other from and against any claim based on, in connection with, or arising out of any such assignment or transfer or purported or claimed assignment or transfer.

4. **BINDING EFFECT.**

This Agreement shall be binding on, and inure to the benefit of the successors and assigns of the Parties. Nothing in this Agreement, express or implied, is intended to confer upon any person other than the Parties and other individuals specifically named herein, or their respective successors and assigns, any rights or benefits under or by reason of this Agreement.

5. **INTEGRATION CLAUSE.**

This Agreement represents and contains the entire agreement and understanding among the Parties with respect to the subject matter of this Agreement, and supersedes any and all prior oral and written agreements and understandings, and no representation, warranty, condition, understanding, or agreement of any kind with respect to the subject matter hereof shall be relied upon by the Parties unless incorporated herein. This Agreement may not be amended or modified except by an agreement in writing signed by the party against whom the enforcement of any modification or amendment is sought.

6. **CONSTRUCTION.**

6.1 Each party and counsel for each party have reviewed this Agreement and accordingly the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

6.2. In the event that one or more of the provisions, or portions thereof, of this Agreement is determined to be illegal or unenforceable, the remainder of this Agreement shall not be affected thereby and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

6.3 This Agreement is entered into in the State of Arkansas and shall be construed and interpreted in accordance with its laws.

7. **CONFIDENTIALITY**

The Parties further agree that, as a condition of the compromise, they and their agents, employees and attorneys will not disclose that the Parties have reached an agreement of compromise or settlement, or the terms or provisions of this Agreement, except as may be required by a competent court or a governmental agency with the right to require disclosure.

8. **COUNTERPARTS.**

This Agreement may be executed in any number of counterparts of which shall be deemed to be an original, and all of which together shall be deemed one and the same instrument.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first written above.

By: ___Jay B. Edwards #134398___  By: _____
Jay B. Edwards  x 15 JAN 2010        Ronald Davis

                                     By: _____
                                         David Cook